IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-642-CR





WILLIE JOE JOHNSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 41,809, HONORABLE L. CLIFFORD DAVIS, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of delivering less than twenty-eight grams of cocaine,
a controlled substance. Tex. Health & Safety Code Ann. § 481.112 (West 1992). The district
court assessed punishment, enhanced by a previous felony conviction, at imprisonment for twenty
years.

 The court's charge explained and applied the law of parties. In his only point of
error, appellant complains that the evidence is legally insufficient to support the jury's finding that
he was a party to this offense.

 Mario McGowan, a paid informer, and Cary Robinson, a military police officer,
were working undercover with members of the Temple police department in an operation targeted
at individuals suspected of selling drugs to military personnel. On March 3, 1992, McGowan and
Robinson went to the apartment occupied by James Houston, one of the targeted individuals. 
When McGowan told Houston that he wanted to buy some crack cocaine, Houston replied that
he did not sell drugs and suggested that they ask two other persons present in the apartment,
Jerome Powell and appellant. McGowan repeated his request to Powell, in the hearing of
appellant, and Powell told him to "follow us."

 Appellant and Powell left the apartment complex in a car driven by appellant and,
followed by McGowan and Robinson in their own car, drove to a gas station. At the station,
appellant told McGowan to "hang low, put some air in your tires, we'll be back." Appellant and
Powell drove away, returning to the station a few minutes later. Powell got in the car with
McGowan and Robinson where he sold the officers slightly less than ten grams of crack cocaine
for $500. While this transaction was taking place, appellant stood behind his own car. One of
the Temple police officers who was watching these events from a distance testified that appellant
"appeared to be looking around a lot" as if looking for the police. After the transaction was
complete, appellant walked over to McGowan. McGowan told him that he would be wanting a
half ounce of crack a week. Appellant replied that "you all got the beeper number" and said that
a half ounce a week would be "no problem."

 A person is criminally responsible for an offense committed by the conduct of
another if, acting with intent to promote or assist the commission of the offense, he aids the other
person to commit the offense. Tex. Penal Code Ann. § 7.02(a)(2) (West 1974). Appellant
contends that the evidence does not establish that he was acting with the intent to promote or assist
Powell's delivery of cocaine to McGowan. He urges that there is no evidence that he knew
Powell had cocaine or that he was going to sell it. Appellant claims that the State proved only that
he gave a friend a ride, without any intention of aiding in the commission of a criminal offense.

 We are not persuaded by appellant's argument. The evidence shows that appellant
heard McGowan ask Powell for cocaine, told McGowan to act in such a manner as to not draw
attention while he waited for appellant and Powell to return to the station, appeared to keep watch
while the drug transaction took place, knew that Powell had given McGowan a beeper number,
and assured McGowan of future deliveries of cocaine. The jury could reasonably infer from this
evidence that appellant was aware of Powell's unlawful activities and intended to aid him in
carrying them out. Viewed in the light most favorable to the verdict, the evidence is sufficient
to establish each element of the offense for which appellant was convicted beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155 (Tex. Crim.
App. 1981). The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Kidd and B. A. Smith; Justice Kidd Not Participating]

Affirmed

Filed: May 19, 1993

[Do Not Publish]